# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| FERMIN PADILLA, | * | |
| | * | No. 15-642V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: March 30, 2017 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner;
Glenn A. MacLeod, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On February 16, 2017, petitioner Fermin Padilla moved for final attorneys' fees and costs. **He is awarded $7,535.82**.

On June 22, 2015, Mr. Padilla filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., alleging the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on or about September 8, 2012, caused him to suffer a "rash on [the left] arm and abdomen and shoulder after injection; pain in and around the injection area [and] numbness in the wrist and arm." The undersigned issued a decision awarding compensation to Mr. Padilla based on the parties' stipulation. Decision, 2016 WL 4978437 (Aug. 25, 2016).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Because Mr. Padilla received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, the court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\*       \*       \*

Mr. Padilla seeks a total of $12,013.89 ($11,190.05 in attorneys' fees and $823.84 in costs).

For attorneys' fees, Mr. Padilla seeks reimbursement for work by attorneys, Richard Gage and Daniel Gerstein, as well as paralegals. For work in this case, Mr. Gage has charged $373.75 per hour for 2014, $387.50 per hour for 2015, and $401.75 per hour for 2016-17, claiming that he is entitled to be compensated at rates prevailing in Washington, D.C. even though he works in Cheyenne, WY. In support of these rates, Mr. Gage presented similar evidence as in recently decided cases. See Anthony v. Sec'y of Health & Human Servs., No. 14-680V, 2016 WL 7733084 (Fed. Cl. Spec. Mstr. Dec. 15, 2016), mot. for rev. filed (Jan. 17, 2017).

In Anthony, the undersigned considered multiple sources about rates of attorneys in Cheyenne, WY including cases in which jurists across Wyoming discussed reasonable hourly rates. 2016 WL 7733084, at \*7, 12. After weighing these various sources, the undersigned exercised discretion in finding reasonable hourly rates. The undersigned determined the rates for Mr. Gage as $263.38 per hour for 2014, $268.12 per hour for 2015, and $275.09 per hour for 2016. 2016 WL 7733084, at \*8.[2] The rates from Anthony remain reasonable.

A small difference in this case compared to Anthony is that in the present fee application, Mr. Gage and his staff included entries for 2017. Mr. Gage billed the small amount of work that took place in 2017 at 2016 rates. This substitution is reasonable and, following Mr. Gage's lead, the undersigned uses the 2016 hourly

---

[2] As Mr. Anthony's counsel, Mr. Gage filed a motion for review. The motion remains pending.

2

rate for entries in 2017. Mr. Gage may present information, evidence, and argument regarding reasonable hourly rates in a future fee application regarding his 2017 hourly rate. Adjusting the requested rates to the rates set in Anthony, results in a deduction of **$1,595.06**.

During the early stage of the case, Mr. Gage received assistance from another attorney, Daniel Gerstein. Mr. Gerstein charged $350 per hour in 2015. Mr. Gerstein's hourly rate has previously been found to be $242 per hour for 2015. McErlean v. Sec'y of Health & Human Servs., No. 13-543V, 2016 WL 4575583, at *5 (Fed. Cl. Spec. Mstr. July 28, 2016). Adjusting the requested rate to the rate set in McErlean results in a deduction of **$734.40**.

Lastly, Mr. Padilla seeks reimbursement for paralegals in the amount of $6,401.60. The undersigned determined reasonable rates for these paralegals in Anthony. 2016 WL 7733084, at *8 n. 23. Adjusting the requested paralegal rates to the rates set in Anthony results in a deduction of $**1,486.10**.

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). In Anthony, the undersigned reduced Mr. Gage's fee request by ten percent due to vague time entries. Anthony, 2016 WL 7733084, at *15 (citing Fox v. Vice, 563 U.S. 826, 838 (2011)); see also Stone v. Sec'y of Health & Human Servs., No. 04-104V, 2010 WL 3790297, at *5 (Fed. Cl. Spec. Mstr. Sep. 9, 2010) (deducting ten percent from Mr. Gage's invoice for an "excessive and vague bill"). The same "rough justice" is applicable here as Mr. Gage's billing entries do not provide enough detail so that the reasonableness of the activity can be assessed.

Consequently, this results in a ten percent reduction is **$662.51**.

In addition to seeking attorneys' fees, Mr. Padilla seeks an award of costs for his counsel. Most of the costs are relatively routine, such as costs for medical records retrieval, mailings, and photocopies. All these costs are reasonable, documented, and awarded in full.

*   *   *

The undersigned finds an award of attorneys' fees and costs appropriate. In compliance with General Order No. 9, petitioner states that he advanced no monies for reimbursable costs in pursuit of his claim. The undersigned awards Mr. Padilla the following amount for attorneys' fees and costs:

**Summary**

| | |
|---|---:|
| Requested Attorneys' Fees | $11,190.05 |
| Mr. Gage Rate Adjustment | -$1,595.06 |
| Mr. Gerstein Rate Adjustment | -$734.40 |
| Paralegal Rate Adjustment | -$1,486.10 |
| 10% Deduction for Vagueness | -$343.50 |
| Attorneys' Fees Awarded | $7,030.99 |
| | |
| Requested Attorneys' Costs | $823.84 |
| Deductions | $0.00 |
| Attorneys' Costs | $823.84 |
| | |
| Petitioner's Costs Incurred | $0.00 |
| Deductions | $0.00 |
| Petitioner's Costs Awarded | $0.00 |
| | |
| Attorneys' Fees, Paralegal Fees, & Costs | $7,535.82 |
| Petitioner's Costs | $0.00 |
| Total Award Amount | $7,535.82 |

Accordingly, the court awards:

    a. **A lump sum of $7,535.82 in the form of a check made payable to petitioner and petitioner's attorney, Richard Gage, of Richard Gage, P.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.